**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-00895-CMA

FELICIA ROMONA SANTISTEVAN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Social Security Administrator,

    Defendant.

---

**ORDER REVERSING AND REMANDING ALJ'S DECISION
DENYING SOCIAL SECURITY BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Felicia Romona Santistevan's ("Plaintiff") application for supplemental social security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff was born on November 13, 1976, was 33 years old on the date of her alleged disability onset of November 8, 2010, and has a high school education. (AR at 22, 33, 136.)[1] The Administrative Law Judge (ALJ) held two hearings in this case: the first was held on June 21, 2012, at which Plaintiff represented herself; the second was held on November 26, 2012, at which Plaintiff was represented by counsel. *See* (AR at

---

[1] Citations to the Social Security Administrative Record, which is found at Doc. # 11, will be to "AR" followed by the relevant page number.

30-61). Plaintiff reported that she previously worked as an assembly worker, healthcare worker, cook, and cashier. (AR at 38-40.) With regard to her physiological ailments, Plaintiff complained that she suffers from back and shoulder pain, for which her doctor prescribed pain medication, muscle relaxers, and medication to treat inflammation. (AR at 43-44.) She also reported that she underwent three surgeries due to premalignant cervical cancer. (AR at 55-56.) With respect to her psychological ailments, Plaintiff alleged that she suffers from depression, anxiety, and post-traumatic stress disorder (PTSD). (AR at 45-46.) She testified that she has walked out on and lost jobs because of her inability to be around other people and that she does not like to be outside or be around other people. (AR at 46.)

In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff had not engaged in substantial gainful activity since "November 8, 2010, the application date" [Step 1];

2. Plaintiff had the following severe impairments: premalignant cervical cancer, posttraumatic stress disorder, dysthymic disorder, back pain, and substance addition disorder (alcohol) [Step 2];

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [Step 3];

4. Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. 416.967(b) except low stress work without frequent or prolonged contact with supervisors, coworkers, or the general public" [Step 4]; and

5. Plaintiff was unable to perform her past relevant work, but can perform jobs that exist in significant numbers in the national economy [Step 5].

The Appeals Council denied Plaintiff's request for review.  (AR at 1-3.)  On March 27, 2014, Plaintiff filed her appeal of the Commissioner's final decision.  (Doc. # 1.)  Plaintiff filed her opening brief on August 14, 2014, the Commissioner responded on October 30, 2014, and Plaintiff replied on November 5, 2014.  (Doc. ## 14, 15, 16.)

## II.  STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  See *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).  "Evidence is not substantial if it is overwhelmed by other evidence in the record."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In so reviewing, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

## III.  ANALYSIS

Plaintiff raises four arguments in support of her contention that the ALJ committed errors in rendering his decision.  Specifically, Plaintiff argues that the ALJ erred by (1) failing to weigh the opinion of Dr. Ryan; (2) improperly reducing the weight given to Dr. Rodriguez's opinion; (3) failing to pose all of Plaintiff's limitations to the Vocational Expert (VE); and (4) improperly assessed her credibility.

**A.     WHETHER THE ALJ ERRED IN HIS ASSESSMENT OF DR. RYAN'S AND DR. RODRIGUEZ'S OPINIONS REGARDING PLAINTIFF'S MENTAL LIMITATIONS**

Plaintiff argues that the ALJ failed to weigh the opinion of Dr. Ryan, the state agency psychological consultant.  The Social Security regulations require an ALJ to "evaluate every medical opinion" it receives.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. 404.1527.  Even on issues reserved to the ALJ, such as the RFC assessment, opinions from medical sources must always be carefully considered and never ignored.  SSR 96-5p, 1996 WL 374183, at *2-3.  The ALJ never weighed Dr. Ryan's opinion based on the § 404.1527 factors, as he is required to.  Unless a treating source opinion is given controlling weight (which did not occur in this case), "the [ALJ] **must** explain in the decision the weight given to the opinions of a state agency medical or psychological consultant as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the agency]."  20 C.F.R. § 404.1527(e)(2)(ii)  (emphasis added).  The ALJ's failure to do so is error.  *See McCloud v. Barnhart*, 166 F. App'x 410, 419 (11th Cir. 2006) (The ALJ "ran afoul" of the law when he did not explain the weight he gave to the opinions of the state agency's doctor).

Despite acknowledging that the ALJ did not weigh Dr. Ryan's opinion in his decision, the Commissioner argues that the ALJ's error is harmless.  In support of that argument, the Commissioner asserts that "the ALJ's finding is consistent with what Dr. Ryan opined."  (Doc. # 15 at 11.)  The Commissioner's argument is unavailing.  Dr. Ryan opined that Plaintiff could interact with supervisors "if not frequent or prolonged, [and] less interaction with coworkers or public."  (AR at 84.)  The Court agrees with

Plaintiff that the import of this statement is that Dr. Ryan believed Plaintiff should have less interaction with coworkers and the public than supervisors. Conversely, the ALJ assessed the same limitations for all three categories of social interaction: he concluded that Plaintiff could perform jobs "without frequent or prolonged contact with supervisors, coworkers, and the general public."[2] (AR at 20.) The distinction is subtle and, though this Court heeds the warning that it should not remand merely for a ministerial correction, *Fischer–Ross v. Barnhart,* 431 F.3d 729, 730 (10th Cir. 2005), it believes that in this instance, the best practice is to remand to the ALJ to make specific findings as to Dr. Ryan's opinion.

This case is distinguishable from *Keyes-Zackary*, in which the Tenth Circuit held harmless an ALJ's failure to discuss a consulting examiner's opinion because it was consistent with the RFC. 695 F.3d 1156, 1162 (10th Cir. 2012). In that case, the court observed that the ALJ discussed the doctor's report at length. *Id.* Conversely, in the instant case, the ALJ did not discuss Dr. Ryan's opinion at all.[3] Therefore, this is not an occasion in which the Court can infer from the ALJ's decision that he relied on Dr. Ryan's opinion. The Court cannot simply **presume** that the ALJ relied on Dr. Ryan's

---

[2] This Court searched for, but did not find, a definition of "frequently" with respect to mental limitations. However, in the context of physical demands, the Dictionary of Occupational Titles provides the following definitions of durational descriptors: "Constantly: activity or condition exists 2/3 or more of the time"; "Frequently: activity or condition exists from 1/3 to 2/3 of the time"; and "Occasionally: activity or condition exists up to 1/3 of the time." *Dictionary of Occupational Titles*, Appendix C: Components of the Definition Trailer, 1991 WL 688702 (4th ed. 1991). These definitions imply that "frequently" may carry a specific meaning in the context of job-related limitations. Therefore, rather than assume that the ALJ's RFC was consistent with Dr. Ryan's opinion, the Court believes it would be prudent for the ALJ himself to weigh that opinion.

[3] The ALJ did discuss the opinion of another state agency consultant, Dr. Barrett, who opined on Plaintiff's physical limitations. (AR at 22.)

opinion unless there is a basis in the record to do so.  The Court's task is to evaluate the ALJ's decision "based solely on the reasons stated in the decision."  *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).  Additionally, the ALJ's findings must be sufficiently specific to make clear to any subsequent reviewers the weight he gave to the medical opinion and the reason for that weight.  *Krasuser v. Astrue*, 368 F.3d 1324, 1331 (10th Cir. 2011).  Because the ALJ did not weigh Dr. Ryan's opinion, and that error is not harmless, this case must be remanded.

In a separate, but related argument, Plaintiff contends that the ALJ improperly assigned "minimal weight" to Dr. Rodriguez's opinion.  Although the ALJ appropriately discussed Dr. Rodriguez's opinion using the § 404.1527 factors, *see* 20 C.F.R. § 404.1527(c)(3)(supportability);(c)(4)(consistency), the problem is that by ignoring Dr. Ryan's opinion, the ALJ failed to weigh the only other medical opinion regarding Plaintiff's job-related, mental limitations.  Therefore, if the ALJ did not consider Dr. Ryan's opinion, Dr. Rodriguez's opinion remains uncontroverted.  Although Dr. Rodriguez was a consultant examiner, not a treating physician, because the Tenth Circuit has repeatedly warned that it is error to assign little or no weight to a medical source's uncontroverted opinion, this Court remands these proceedings for the ALJ to weigh Dr. Ryan's opinion.  *See, e.g., Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (ALJ erred in assigning no weight to an uncontroverted consulting examiner's opinion); *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987).  At that point, the ALJ

may properly evaluate Plaintiff's mental limitations considering the relevant medical records and opinions.[4]

## B.   WHETHER THE ALJ ERRED IN ASSESSING PLAINTIFF'S CREDIBILITY

Finally, because this issue is likely to arise on remand, the Court will address Plaintiff's contention that the ALJ erred when he determined that Plaintiff was not credible.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2011) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)).  Provided the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  *Id.* at 910; SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (ALJ's decision "must contain specific reasons for the finding on credibility, supported by evidence in the case record").  Because the determination of credibility is left to the ALJ as the finder of fact, that determination is generally binding on a reviewing court.

Plaintiff contends that the ALJ erred by using "boilerplate" language to find that Plaintiff's testimony was "not credible to the extent [it was] inconsistent with the ALJ's own RFC finding."  (Doc. # 14 at 22.)  While this Court shares Plaintiff's concern for the overuse of this boilerplate language in social security decisions, this is not an instance in which the ALJ failed to discuss the reasons he found Plaintiff not credible.  SSR 96-7p provides a non-exhaustive list of factors that an ALJ's must consider in addition to

---

[4] Because this Court has determined that a remand is necessary to weigh Dr. Ryan's opinion, it need not address Plaintiff's argument that the ALJ erred at Step Five. *See Madrid v. Barnhart,* 447 F.3d 788, 792 (10th Cir. 2006).

the objective medical evidence.  Those factors include: Those factors include: (1) Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) medications and any side effects; (5) treatment, other than medication, that the individual has received; (6) measures other than treatment that Plaintiff uses to relive pain; and (7) any other relevant factors.  SSR 96-7P, 1996 WL 374186, *3.  Though the ALJ did not recite the list of factors, his analysis addressed several of these considerations as well as other relevant factors.  See (AR at 19) (daily activities); (AR at 21) (alcohol use and consistency in taking medications); (AR at 15-19) (treatment history).  The ALJ is not required to set forth a formalistic factor-by-factor recitation of the evidence, but must set forth only the specific evidence he relied upon in evaluating Plaintiff's testimony.  See Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

> In her reply, Plaintiff clarifies that her
>
> argument wasn't that the ALJ erred in finding some reasons to discount [her] testimony.  Rather, Plaintiff argued that the ALJ erred in finding [her] testimony credible to some extent, and then failing to state what testimony he found credible and how that credible testimony was accounted for in the RFC finding.

(Doc. # 16 at 15-16.)  As support, Plaintiff cites McGoffin v. Barnhart, in which the Tenth Circuit found the ALJ erred in using boilerplate language to find the plaintiff not credible and failing to "explain and support with substantial evidence which of her testimony he did not believe and why." 288 F.3d 1248, 1254 (10th Cir. 2002).  In a more recent opinion, the Tenth Circuit distinguished McGoffin, explaining:

> There is no indication in McGoffin that the ALJ's decision said anything more with respect to a credibility assessment. . . . McDonald argues that

8

>the ALJ here reached a similar boilerplate conclusion that he failed to link to the evidence. We disagree. The ALJ related McDonald's testimony, then carefully reviewed the other evidence, noting specific discrepancies, before concluding that her testimony was not fully credible. Nor is it impossible, as McDonald contends, to know what portions of her testimony were or were not credible. It is clear that the ALJ found incredible McDonald's claims of having more than the moderate limitations provided in her RFC.

*McDonald v. Astrue*, 492 F. App'x 875, 884-85 (10th Cir. 2012).  Likewise, in the instant case, the ALJ cited specific discrepancies[5] and then concluded that Plaintiff was not fully credible.  As with *McDonald*, the ALJ's analysis was sufficient.

---

[5] There are two credibility determinations that this Court finds troubling.  The ALJ states, "The claimant has stated that she graduated high school and attended a year of college.  She later reported she did not know how to add or subtract." (AR at 21.)  While improbable, it is possible for a person to be a high school graduate, yet have limited math skills.  The ALJ also observed, "Although the claimant was required to attend court ordered anger management classes, she readily admits that she does not use the information, stating she yells, screams, and throws things because it is easier than using her anger management training." (AR at 31.)  The Court was unable to locate hearing testimony in which Plaintiff made this admission.  An August 2010 treatment note that states, "Felicia has taken an anger management therapy in the past with 'Adult Youth Counseling' but finds that she has difficulty applying the skills." (AR at 393.)  Again, saying that she had "difficulty" applying skills from anger management is different from refusing to employ those skills because angry outbursts are easier.  Credibility determinations are peculiarly the province of the finder of fact," *White*, 287 F.3d at 909; however, on remand, the Court suggests the ALJ ensure that Plaintiff's statements are truly "inconsistent and contradictory."

## IV. **CONCLUSION**

Accordingly, it is ORDERED that the ALJ's denial of social security disability benefits is REVERSED.  This case is REMANDED to the Commissioner for proceedings consistent with this Order.

DATED:  April   28  , 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge